J-S12023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ANTHONY DARRELL HEATH :
:
Appellant : No. 871 EDA 2021

Appeal from the PCRA Order Entered March 12, 2021
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0001175-2014

BEFORE: BENDER, P.J.E., BOWES, J., and DUBOW, J.

MEMORANDUM BY BOWES, J.: **FILED MAY 4, 2022**

Anthony Darrell Heath appeals *pro se* from the Post Conviction Relief Act ("PCRA") court's March 12, 2021 orders which (1) dismissed Appellant's June 1, 2020 PCRA petition as untimely; (2) dismissed a PCRA petition supposedly filed on January 14, 2021, as premature; and (3) denied Appellant's February 23, 2021 motion for a subpoena *duces tecum*. We affirm, albeit on a different basis than the PCRA court.[1]

This Court succinctly summarized the facts of this case as follows in disposing of Appellant's appeal from the denial of his first PCRA petition:

> On February 1, 2014, Appellant strangled Victim to death, dragged her body down the embankment of a remote road, doused her body in lighter fluid, and lit her body on fire. Appellant then used Victim's vehicle to flee to North Carolina, where he was

---

[1] "[T]his Court may affirm a PCRA court's order on any legal basis." ***Commonwealth v. Parker***, 249 A.3d 590, 595 (Pa.Super. 2021).

ultimately apprehended. Following trial [at which Appellant elected to waive his right to counsel and represent himself], a jury convicted Appellant on June 23, 2015, of first-degree murder, theft by unlawful taking, receiving stolen property, access device fraud, abuse of a corpse, and tampering with evidence. On July 29, 2015, the court imposed an aggregate sentence of life in prison, plus eight to sixteen years' imprisonment. [Appellant requested and was granted the appointment of counsel for his appeal.] This Court affirmed the judgment of sentence on February 21, 2017, and our Supreme Court denied allowance of appeal on August 30, 2017. *See Commonwealth v. Heath*, 161 A.3d 382 (Pa.Super. 2017), *appeal denied*, 642 Pa. 527, 170 A.3d 1023 (2017).

*Commonwealth v. Heath*, 237 A.3d 450 (Pa.Super. 2020) (non-precedential decision at 1-2) (cleaned up).

Appellant's first, timely PCRA petition was dismissed for lack of merit after his appointed counsel withdrew pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). This Court affirmed the dismissal on the basis that Appellant waived his myriad issues by filing a brief "consist[ing] of over fifty pages of repetitive, rambling, and incoherent argument, mixed with citations to general case law" that failed to satisfy the requirements of the Rules of Appellate procedure. *Heath*, *supra* at 4. We further observed that, even if the seven issues we were able to discern were not waived, the PCRA court opinion properly disposed of them. *Id*. at 5-6.

Appellant, an inmate at SCI-Mahanoy, filed his next PCRA petition on June 1, 2020, raising a bevy of claims ranging from challenges to the criminal information to his sentence in the context of ineffective assistance of trial and

- 2 -

PCRA counsel. **See generally** PCRA Petition, 6/1/20.[2] Regarding the PCRA court's jurisdiction, Appellant invoked the newly discovered facts timeliness exception codified at 42 Pa.C.S. § 9545(b)(1)(ii). **Id**. at Addendum page 1. After a dismissal and a reinstatement of the petition, the PCRA court issued notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss the petition without a hearing as untimely. Upon consideration of Appellant's response to the notice, the PCRA court concluded that its untimeliness determination had been in error.[3] However, it issued a new Rule 907 notice of its intent to dismiss the petition, indicating that the petition lacked merit because Appellant failed to establish the necessary elements of ineffective assistance of counsel. After being granted an extension of time to respond, Appellant filed a response to the new Rule 907 notice on December 4, 2020. Therein, Appellant, *inter alia*, further developed his claims that prior counsel had provided ineffective assistance. This response was initially docketed as "*Pro Se* Correspondence" on December 14, 2020, but later docketed as a new PCRA petition on January 14, 2021, and filed on January 27, 2021.

---

[2] We apply the prisoner mailbox rule in discerning and discussing the dates of Appellant's various filings. **See Commonwealth v. DiClaudio**, A.3d 1070, 1074 (Pa.Super. 2019) ("The prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." (cleaned up)).

[3] As we explain *infra,* the PCRA court was correct the first time in determining that the June 2020 petition was untimely.

In the meantime, Appellant also filed a motion for issuance of a subpoena *duces tecum* directing the Clearfield County prothonotary and clerk of courts to provide him with the docket and various filings related to Elmer Herman Ulbrick, whose flat term-of-years sentence for second-degree murder was affirmed in 1975 upon presumption that the minimum sentence was one day. *See Commonwealth v. Ulbrick*, 341 A.2d 68, 69 (Pa. 1975). Appellant subsequently filed a modified motion for the subpoena, reportedly upon the direction of the court administrator, requesting that the PCRA court direct the production of the Ulbrick documents.

On March 12, 2021, the PCRA court entered the three orders at issue in this appeal.[4] One denied and dismissed Appellant's June 1, 2020 PCRA petition upon consideration of the Rule 907 notice and Appellant's alleged failure to respond to it. Another dismissed the January 14, 2021 PCRA petition, which was actually the supposedly-missing response to the Rule 907 notice filed on December 14, 2020, on the basis that it was prematurely filed while the June 1, 2020 petition was still pending.[5] The third order denied

---

[4] These and subsequent filings were issued by a different jurist of the Court of Common Pleas of Lehigh County than the judge who entered the earlier orders discussed herein.

[5] Were this filing actually a new PCRA petition rather than a Rule 907 response, the PCRA court's basis for dismissal would have been erroneous. The PCRA court's stated reason for concluding that an additional PCRA petition was premature was our Supreme Court's ruling in *Commonwealth v. Lark*, 746 A.2d 585 (Pa. 2000), *overruled on other grounds by Commonwealth v.*
*(Footnote Continued Next Page)*

Appellant's motion for a subpoena *duces tecum* because Appellant failed to present the exceptional circumstances required to secure discovery in a PCRA proceeding.

Appellant timely appealed from all three March 12, 2021 orders. The PCRA court ordered Appellant to file a Pa.R.A.P. 1925 concise statement of errors complained of on appeal, to which Appellant did not file a response, prompting the PCRA court to opine that Appellant waived his appellate issues. Appellant filed an application for relief in this Court documenting that the Rule 1925(b) order had not been properly served upon him. We therefore remanded to allow Appellant to file and serve his concise statement on the PCRA judge and for the PCRA court to author a supplemental opinion. On September 21, 2021, the PCRA court transmitted the record back to this Court indicating that Appellant again had failed to file the Rule 1925(b) statement.

---

*Small*, 238 A.3d 1267 (Pa. 2020). The *Lark* Court held that "when an appellant's **PCRA appeal** is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." *Id*. at 588 (emphasis added). This Court subsequently made it clear that the *Lark* rule applied only when a prior petition has been disposed of and an appeal has been filed or could still be timely filed, and that "PCRA courts are not jurisdictionally barred from considering multiple PCRA petitions relating to the same judgment of sentence at the same time unless the PCRA court's order regarding a previously filed petition is on appeal[.]" *Commonwealth v. Montgomery*, 181 A.3d 359, 365 (Pa.Super. 2018) (*en banc*). As the PCRA court had not disposed of Appellant's June 1, 2020 petition at the time he filed the document erroneously deemed to be a new petition, *Lark* did not preclude it from considering the subsequent filing.

Appellant filed another application for relief in this Court indicating that he had timely filed his concise statement by depositing it with prison authorities for mailing on August 12, 2021, and requesting that we remand for, *inter alia*, an opportunity to hand the PCRA judge a copy of the statement. This Court denied the application without prejudice for Appellant to raise the issues in his brief.

Appellant, who refers to himself in the first-person plural, raises the following issues, which we have reordered and numbered for ease of disposition:

> 1. Refusal of the clerk of judicial records of Lehigh County to file our Sunday 15 of August 2021 *pro se* Pa.R.A.P 1925(b) statement;
>
> 2. Refusal of the judiciary to timely serve 1925(b) statement;
>
> 3. The [PCRA] court deprived us of due process of law of the 14th Amendment of the United States constitution by failing to read our response to the court[']s initial 907 order;
>
> 4. No objection from the attorney for the Comm[o]nwealth;
>
> 5. We were not constitutionally or judicially served with murder in the first degree criminal charge;
>
> 6. We were not provided with defense counsel with regard to murder in the first degree criminal charge;
>
> 7. For a conviction of 18 Pa.C.S. § 2502(a) the court exceeded its statutory jurisdiction for sentence for first degree felonies at 18 Pa.C.S. § 1103(1);
>
> 8. Deprived of liberty without due process when trial court denied our oral request for hearing on our ability to pay court cost and fines;

9.     Deprived of liberty without due process of law when the Commonwealth refused to d[i]sclose (a) "crime-lab-report" [regarding] wire [removed] from [the] deceased'[s] neck and (b) scientific authority relied upon by forensic expert Michael W. Johnson;

10.     *Miranda v. Arizona*, 384 U.S. 436 (1966)[,] was ineffective to protect against my serious medical mental health crisis.

11.     The [PCRA] court deprived us of due process of law of the 14th Amendment of the United States constitution by obstructing our ability to perfect our 2d PCRA motion.

Appellant's brief at 5-6 (cleaned up).

We begin with our standard of review. "The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error." *Commonwealth v. Cruz*, 223 A.3d 274, 277 (Pa.Super. 2019) (cleaned up). "It is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Stansbury*, 219 A.3d 157, 161 (Pa.Super. 2019) (internal quotation marks omitted).

Appellant's first two issues concern the irregularities in service and filing of the PCRA court's Rule 1925(b) order and Appellant's response. Based upon the apparent breakdowns in court operations, which seem to have continued despite our initial remand to remedy the issue, we grant Appellant relief in that we shall not deem any of his issues waived on the basis of Rule 1925(b)(4)(vii). *See, e.g.*, *Commonwealth v. Davis*, 867 A.2d 585, 588 (Pa.Super. 2005) (*en banc*) (holding Rule 1925(b) waiver does not apply when

the trial court or clerk of courts did not strictly comply with the applicable procedural rules). Although the PCRA court did not address Appellant's issues based upon its assumption that Appellant waived them, we need not remand for a new opinion because our review of the dispositive issues is not hampered by its absence. **See**, **e.g.**, **Casselbury v. Am. Food Serv.**, 30 A.3d 510, 511 n.1 (Pa.Super. 2011) (noting that remand for preparation of a Rule 1925(a) opinion was unnecessary where review was not hampered).

Appellant's next issue is whether the PCRA court committed a due process violation by not reading his response to the "initial" Rule 907 notice. Appellant's brief at 13. As detailed above, the PCRA court's initial Rule 907 notice indicated that it found Appellant's petition to be untimely. The PCRA court apparently did read Appellant's response to that notice, since it agreed with him that the petition was timely and issued the second Rule 907 notice proposing to dismiss the petition for lack of merit. To the extent that Appellant argues that the PCRA court erroneously treated the response to the second Rule 907 notice, which merely amplified the substantive claims raised in the pending June 1, 2020 PCRA petition, as a new PCRA petition, we conclude that any error is harmless because, as we explain *infra*, the June 1, 2020 petition was untimely.

It is well-settled that "the timeliness of any PCRA petition is a jurisdictional requisite." **Commonwealth v. Beatty**, 207 A.3d 957, 961 (Pa.Super. 2019).

> Whether a court has subject matter jurisdiction is a question of law. It is not waivable, even by consent, and may be raised by any party or by the court, *sua sponte*, at any stage of the proceeding. Even where the PCRA court does not address the applicability of the PCRA timing mandate, this Court will consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

*Id*. (cleaned up). Indeed, "no court has jurisdiction to hear an untimely PCRA petition." *Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa.Super. 2019).

> The PCRA provides as follows regarding the time for filing a petition:

> Any petition [filed pursuant to the PCRA], including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Further, a petition invoking a timeliness exception "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

As detailed above, Appellant's direct appeal concluded on August 30, 2017, when our Supreme Court denied his petition for allowance of appeal. Accordingly, his judgment of sentence became final on November 28, 2017, when the time expired for him to seek review by the U.S. Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct. Rule 13(1). The PCRA court initially concluded that Appellant's June 1, 2020 petition was filed more than one year after his judgment of sentence became final and that his assertion that he discovered that PCRA counsel did not adequately review his case did not satisfy the newly-discovered facts exception.[6] *See* Notice of Intent to Dismiss, 8/11/20, at 3-4.

Appellant filed a response arguing first and foremost that his petition was not untimely at all. Appellant reasoned that because he filed his first PCRA petition with ninety-two days left of the 365-day allotment provided by § 9545(b)(1), and our Supreme Court held in *Commonwealth v. Lark*, 746 A.2d 585 (Pa. 2000), that he could not file a subsequent PCRA petition until the first was fully resolved, those ninety-two days remained available for him to file another timely petition. *See* Response to 907 Order, 10/9/20, at 2. Appellant alternatively argued that the petition was entitled to the benefit of

_____

[6] The PCRA court erroneously indicated that the judgment of sentence became final on the day our Supreme Court denied Appellant's petition for allowance of appeal. *See* Notice of Intent to Dismiss, 8/11/20, at 3. Appellant, for his part, calculated the incorrect date of October 29, 2019 as the date the judgment became final. *See* Response to 907 Order, 10/9/20, at 2.

the newly discovered facts exception. Specifically, the new fact that he discovered was that PCRA counsel had failed to present the meritorious claims identified in the June 1, 2020 petition. *Id*. at 1-2. Since he discovered that fact while the appeal concerning his first PCRA petition was pending in this Court, he was prohibited by *Lark* from filing his second petition before that appeal was finally resolved. *Id*. at 2.

The PCRA court concluded that its "initial determination that the second PCRA petition was untimely was in error pursuant to [*Lark*], and therefore, the court's determination in its order of August 11, 2020 that the instant second PCRA petition should be dismissed based on untimeliness was in error[.]" Order, 10/30/20, at 1 (cleaned up). While it is unclear which of Appellant's *Lark*-based arguments convinced the PCRA court that it had jurisdiction to entertain the merits of Appellant's June 1, 2020 petition, we conclude neither argument suffices.

As indicated above, "[a]ny [PCRA petition], including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless a timeliness exception applies. 42 Pa.C.S. § 9545(b)(1). Appellant's judgment of sentence became final on November 28, 2017. One year from that date was November 28, 2018. The instant petition was filed on June 1, 2020. Hence, the instant petition was not filed within one year of the date the judgment became final.

Our Supreme Court has expressly rejected the argument, suggested here by Appellant, that the one-year period may be tolled:

> Unlike a statute of limitations, a jurisdictional time limitation is not subject to equitable principles such as tolling except as provided by statute. Thus, the filing period is only extended as permitted; in the case of the PCRA, the time limitations are extended upon satisfaction of the exceptions found in § 9545(b)(1)(i)–(iii) and timely filing pursuant to (b)(2). As it has been established that the PCRA's time restrictions are jurisdictional, we hold that the period for filing a PCRA petition is not subject to the doctrine of equitable tolling, save to the extent the doctrine is embraced by § 9545(b)(1)(i)–(iii).

*Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999) (rejecting argument that PCRA time limitation was tolled while the appellant's federal *habeas* petition was pending). Accordingly, Appellant's claim that the pendency of his first PCRA petition tolled the running of § 9545(b)(1)'s one-year clock is unavailing.

Furthermore, Appellant did not plead and offer to prove facts that, if accepted, would have satisfied the § 9545(b)(1)(ii) newly discovered facts exception. Appellant asserted that the fact he was unaware of until the dismissal of his first PCRA petition was pending on appeal was that PCRA counsel abandoned certain PCRA claims. *See* Response to 907 Order, 10/9/20, at 1-2. However, counsel withdrew pursuant to *Turner* and *Finley* in the PCRA court prior to the appeal, and the record plainly shows that Appellant complained in his Rule 907 response and proposed amended PCRA petition, filed prior to the first PCRA appeal, that PCRA counsel abandoned him and the claims he raised in his *pro se* PCRA petition. *See* Response to Notice

of Intent to Dismiss and *Pro Se* Amendment to August 7, 2018 PCRA petition, 12/12/18, at 1-2, 4-5.  Indeed, Appellant's complaint that "all court appointed counsels abandoned" him, including PCRA counsel, was one of the issues he presented to this Court in the appeal from the dismissal of his August 7, 2018 PCRA petition.  **See Heath**, **supra** (non-precedential decision at 3).  Hence, the purportedly new fact was actually known to Appellant while his first, timely petition remained pending, was raised in that proceeding as permitted by **Lark**,[7] and was rejected by this Court on appeal because Appellant waived it, along with the rest of his issues, by filing a deficient brief.  *Id*. at 4. Consequently, Appellant is unable to establish that the facts upon which his claim is predicated were unknown to him for purposes of utilizing the newly discovered facts timeliness exception.

Since neither of the bases Appellant proffered for invoking the PCRA court's jurisdiction is availing, we agree with the Commonwealth that Appellant's June 1, 2020 PCRA petition was properly dismissed as untimely, and affirm the order doing so on that basis.  **See** Commonwealth's brief at 16. Therefore, we also lack jurisdiction over Appellant's substantive claims, and his issues four through ten are not subject to our adjudication.

---

[7] The **Lark** Court plainly stated that "this holding will not preclude a trial court from granting leave to amend a PCRA petition that is currently pending before that court."  **Commonwealth v. Lark**, 746 A.2d 585, 588 n.2 (Pa. 2000).

In his final issue, Appellant contends that the PCRA court interfered with his due process rights by failing to grant his motion for a subpoena *duces tecum*. **See** Appellant's brief at 13-14. Misapprehending and misstating our Supreme Court's holding in **Ulbrick**, **supra**,[8] Appellant asserts that various filings in that case are relevant to his contention that his sentence is illegal, and that the PCRA court's denial of his request "to perfect our *pro se* PCRA motion . . . via the tools provided every other citizen" deprived him of liberty without due process of law. **Id**.

With the exception of death penalty cases, "no discovery shall be permitted at any stage of [PCRA] proceedings, except upon leave of court

---

[8] The **Ulbrick** majority opinion, in its entirety but for citations and footnotes, is as follows:

> The appellant filed a petition under the Post Conviction Hearing Act challenging the legality of his sentence after his conviction of two counts of murder in the second degree. The petition was denied and this appeal followed.
>
> The trial court imposed a sentence of twenty years. No minimum sentence was stated by the Court as is required by the Act of June 19, 1911, P.L. 1055, § 6, 19 P.S. § 1057. Appellant contends that the failure to announce a minimum sentence makes the sentence illegal and justifies his discharge. However, imposition of a flat sentence benefits the defendant for the minimum is then presumed to be one day and he thus becomes immediately eligible for parole. Since the minimum is implied, the sentence is legal and the appellant has incurred no harm.
>
> Order affirmed.

**Commonwealth v. Ulbrick**, 341 A.2d 68, 69 (Pa. 1975) (*per curiam*).

after a showing of exceptional circumstances." Pa.R.Crim.P. 902(E)(1). As Appellant failed to "demonstrate a connection between the material requested and his underlying claim," the PCRA court did not abuse its discretion in concluding that Appellant had failed to establish exceptional circumstances warranting discovery. *Commonwealth v. Wharton*, 263 A.3d 561, 573 (Pa. 2021). Additionally, "a PCRA court does not abuse its discretion in failing to find exceptional circumstances warranting discovery in furtherance of an untimely petition." *Id*. If Appellant wishes to obtain public records available to every other citizen, he must do so via the avenues utilized by every other citizen, not through an order from a PCRA court.

As Appellant has failed to establish that an error of law or abuse of discretion warrants relief from any of the PCRA court's three March 12, 2021 orders, we affirm each of them.[9]

Orders affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/04/2022

_____

[9] We reiterate that the order dismissing the supposedly premature serial PCRA petition was erroneous, but harmlessly so, such that no relief is due.